**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4179

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHANIEL PITTMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:17-cr-00006-1)

Submitted: September 20, 2018                                    Decided: October 11, 2018

Before AGEE and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christian M. Capece, Federal Public Defender, Rachel E. Zimarowski, Assistant Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Pittman pleaded guilty to possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a) (2012), conditioned on his right to appeal the district court's denial of his suppression motion. The district court sentenced Pittman to 24 months of imprisonment. Pittman appeals, arguing that the court erred in denying his motion to suppress evidence seized after a traffic stop of Pittman. Finding no error, we affirm.

"We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. *Id.* "It is well established that the temporary detention of individuals during the stop of an automobile by the police constitutes a seizure, no matter how brief the detention or how limited its purpose." *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008) (internal quotation marks and alterations omitted). Therefore, automobile stops must be reasonable under the circumstances. *Id.*

"Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." *Id.* During a routine traffic stop, an officer may request a driver's license and registration, perform a computer check, issue a citation, and perform a canine sniff "if performed within the time reasonably required to issue a traffic citation." *Id.* (internal quotation marks omitted). Although the "maximum acceptable

2

length of a routine traffic stop cannot be stated with mathematical precision," the inquiry focuses on whether the detention was longer than necessary to accomplish the purposes of the detention. *Id.* at 336.

In order to extend a traffic stop beyond this scope, a police officer "must possess a justification for doing so other than the initial traffic violation that prompted the stop in the first place," and therefore must have either the driver's consent or reasonable suspicion of illegal activity. *Id.*; *see also Rodriguez v. United States*, 135 S. Ct. 1609, 1615 (2015). The officer must have "at least a minimal level of objective justification" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow*, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted). Courts assess whether an officer has articulated reasonable suspicion for a stop under the totality of the circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004). "Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." *Branch*, 537 F.3d at 337. We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in denying Pittman's suppression motion.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*